IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TAE HUN CHON,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255<br><br><br><br>Civil Case No. 2:09-CV-654 TS<br><br>Criminal Case No. 2:01-CR-487 TS |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (the "§ 2255 Motion").[1] Petitioner is proceeding *pro se* in this matter. Having considered the pleadings and the record before it, the Court finds that all of Petitioner's arguments, and their underlying bases, do not establish appropriate grounds upon which to justify relief under § 2255. Based upon the reasons set forth more fully below, the Court will deny the § 2255 Motion and dismiss this case.

---

[1]Case No. 2:09-CV-654 TS, Docket No. 1.

1

I.  BACKGROUND

Petitioner was indicted on August 22, 2001, on three counts of distribution and possession of pseudoephedrine knowing, or having reasonable cause to believe, it would be used to manufacture methamphetamine in violation of 21 U.S.C. § 841(c)(2).  Petitioner absconded from supervision in January 2003, and remained a fugitive until October 2006, when he turned himself in to authorities.

A jury trial was held in July of 2007.  Petitioner was acquitted of two counts, but convicted of the third.  On October 26, 2007, Petitioner was sentenced to 180 months imprisonment.  Judgment was entered on October 29, 2007.

Petitioner filed a Notice of Appeal on November 8, 2007.  On appeal, Petitioner alleged that the Court "violated his Sixth Amendment rights when it (1) abused its discretion by admitting the testimony of a government witness where a juror was familiar with the witness; and (2) did not disqualify a juror or at least inquire further into any possible bias on the part of that juror *sua sponte* once it became apparent that the juror knew the witness."[2]  These issues arose out of the government's use of a previously undisclosed rebuttal witness who was known by one of the jurors.[3]  The Tenth Circuit Court of Appeals rejected Petitioner's arguments and affirmed his conviction on September 2, 2008.  Petitioner did not seek further appellate review and timely filed his § 2255 Motion on July 23, 2009.

---

[2]*United States v. Chon*, 291 Fed.Appx. 877, 878 (10th Cir. 2008).

[3]*Id*. at 879.

## II. DISCUSSION

In his Motion, Petitioner raises twenty separate grounds upon which he requests relief, many of which are interrelated. The Court has done its best to parse out Petitioner's separate claims. Petitioner's claims revolve around a number of distinct issues. First, Petitioner complains of the use of the confidential informant ("CI") in this case. Second, Petitioner argues that the government owed him an obligation to inform him of the law relating to the distribution of pseudoephedrine. Third, Petitioner alleges that the government improperly targeted Asian-American store owners. Fourth, Petitioner complains of the use of a rebuttal witness who was a neighbor of a juror. Fifth, Petitioner alleges prosecutorial misconduct. Finally, Petitioner alleges ineffective assistance of counsel.

A.  PROCEDURAL BAR

The government argues that all of Petitioner's claims, with the exception of his claim for ineffective assistance of counsel, are procedurally barred. The Court agrees. Those claims fall into two categories: (1) claims previously raised on direct appeal; and (2) claims that could have been brought on direct appeal.

   *1.  Claims Raised on Direct Appeal*

The government first argues that Petitioner's claims with regard to its rebuttal witness are procedurally barred because those claims were raised on direct appeal.

As set forth above, Petitioner argued on direct appeal that his Sixth Amendment rights were violated when the Court allowed the government's rebuttal witness to testify and did not

disqualify the juror who knew him or further inquire into any potential bias. Petitioner makes these same arguments in his § 2255.[4]

"An issue disposed of on direct appeal will generally not be reconsidered on a collateral attack by a motion pursuant to 28 U.S.C. § 2255. However, a motion under Section 2255 may be proper when there was been an intervening change in the law of a circuit."[5] As stated, Petitioner raised the issues concerning the rebuttal witness that are contained in his § 2255 Motion on direct appeal. Petitioner has cited no change in the law concerning his claim. Therefore, the Court finds it to be procedurally barred.

2.  *Claims That Could Have Been Raised on Direct Appeal*

The government next argues that all of Petitioner's remaining claims, with the exception of his ineffective assistance of counsel claim, are also procedurally barred.

The Supreme Court has ruled that because "a final judgment commands respect," it has "long and consistently affirmed that a collateral challenge may not do service for an appeal."[6] Generally, the Tenth Circuit has held that § 2255 cannot be used to test the legality of matters which should have been raised on appeal.[7] Further, if an issue is not raised on direct appeal, the

---

[4]Case No. 2:09-CV-654 TS, Docket No. 1, at 3-10, 16, 25.

[5]*United States v. Nolan*, 571 F.2d 528, 530 (10th Cir. 1978) (internal citations omitted). *See also United States v. Prichard*, 975 F.2d 789, 791 (10th Cir. 1989) ("Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255.").

[6]*United States v. Frady*, 456 U.S. 152, 165 (1982).

[7]*United States v. Khan*, 835 F.2d 749, 753 (10th Cir. 1987); *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994).

defendant "is barred from raising the issue in a § 2255 motion proceeding, unless he establishes either cause excusing the procedural default and prejudice resulting [from] the error or a fundamental miscarriage of justice [if] the claim is not considered."[8]

The vast majority of the issues presented in the instant § 2255 Motion could have been, but were not, raised on direct appeal. Therefore, these claims are procedurally barred and can only be considered if Petitioner can establish cause and prejudice or a fundamental miscarriage of justice.

Petitioner makes the conclusory allegation that he did not raise the issues in the instant Motion on appeal because he did not know the laws and trusted in his attorneys to prepare the appeal. Construing this allegation liberally, it could be considered a claim for ineffective assistance of counsel.

Ineffective assistance of counsel can constitute cause for a procedural default.[9] The Supreme Court has set forth a two-pronged test to guide the Court in making a determination of ineffectiveness of counsel. "To demonstrate ineffectiveness of counsel, [Petitioner] must generally show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial."[10]

---

[8]*United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996); *see also Frady*, 456 U.S. at 167-68.

[9]*Murray v. Carrier*, 477 U.S. 478, 488 (1986).

[10]*United States v. Lopez*, 100 F.3d 113, 117 (10th Cir. 1996) (citing *Strickland v. Washington,* 466 U.S. 668 (1984)).

To successfully claim ineffective assistance then, Petitioner must show two things. First, he must show that Counsel functioned deficiently.[11] "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment."[12] Second, he must show that Counsel's deficient functioning prejudiced Petitioner's defense.[13] "This requires showing that counsel's errors were so serious as to deprive [Petitioner] of a fair [proceeding], . . . whose result is reliable."[14] Without both of these showings, Petitioner may not prevail in arguing that his conviction "resulted from a breakdown in the adversary process that renders the result unreliable."[15]

A Court is to review Petitioner's ineffective assistance of counsel claim from the perspective of his counsel at the time he or she rendered the legal services, not in hindsight.[16] In addition, in evaluating counsel's performance, the focus is not what is prudent or appropriate, but only what is constitutionally compelled.[17] Finally, there is "a strong presumption that counsel

---

[11] *Strickland*, 466 U.S. at 687.

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] *Hickman v. Spears*, 160 F.3d 1269, 1273 (10th Cir. 1998).

[17] *United States v. Cronic*, 466 U.S. 648, 665 n.38 (1984).

provided effective assistance, and a section 2255 defendant has the burden of proof to overcome that presumption."[18]

> The Sixth Amendment does not require an attorney to raise every nonfrivolous issue on appeal. Consequently, appellate counsel engage in a process of winnowing out weaker arguments on appeal and focusing on those more likely to prevail. The weeding out of weak claims to be raised on appeal is the hallmark of effective advocacy . . . because every weak issue in an appellate brief or argument detracts from the attention a judge can devote to the stronger issues, and reduces appellate counsel's credibility before the court. Consequently, [a]ppellate counsel will . . . frequently remain above an objective standard of competence . . . and have caused her client no prejudice . . . for the same reason-because she declined to raise a weak issue.
> Conversely, an appellate advocate may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," even though counsel may have presented strong but unsuccessful claims on appeal. Although courts have not defined the term "dead-bang winner," we conclude it is an issue which was obvious from the trial record . . . and one which would have resulted in a reversal on appeal. By omitting an issue under these circumstances, counsel's performance is objectively unreasonable because the omitted issue is obvious from the trial record. Additionally, the omission prejudices the defendant because had counsel raised the issue, the defendant would have obtained a reversal on appeal.[19]

Petitioner has not met this heavy burden here. A review of the claims raised in Petitioner's § 2255 Motion reveals no "dead-bang winners." Rather, the record reveals that counsel on appeal acted effectively by "winnowing out weaker arguments on appeal and focusing on those more likely to prevail."[20] Therefore, Petitioner has not shown cause to excuse his

---

[18]*United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2002).

[19]*United States v. Cook*, 45 F.3d 388, 394-95 (10th Cir. 1995) (internal quotation marks and citations omitted).

[20]*Id*. at 394.

7

procedural default and the Court will not reach the merits of Petitioner's claims, except his claim for ineffective assistance claim.

B.  INEFFECTIVE ASSISTANCE

Petitioner raises several claims of ineffective assistance of counsel. Petitioner argues that some objections should have or could have been made, but were not. Petitioner argues that some interviews with other witnesses should have or could have been conducted, but were not. Petitioner also argues that the issues surrounding the rebuttal witness, discussed above, could have been better dealt with by counsel.

As set forth above, "[t]o demonstrate ineffectiveness of counsel, [Petitioner] must generally show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial."[21] Petitioner has failed to meet his burden that his trial counsel's performance was deficient or that he was prejudiced. Petitioner does not detail what objections could have or should have been made, nor does he identify any witnesses who could have or should have been interviewed. Because of the lack of specificity in relation to this claim, it must be rejected.

III.  CONCLUSION

Based upon the above, it is hereby

ORDERED that Petitioner's § 2255 Motion (Docket No. 1 in Case No. 2:09-CV-654 TS) is DENIED for the reasons set forth above. It is further

---

[21]*Lopez*, 100 F.3d at 117.

8

ORDERED that Petitioner's Motion to Appoint Counsel (Docket No. 2 in Case No. 2:09-CV-654 TS) is DENIED. It is further

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required.

The Clerk of Court is directed to close Case No. 2:09-CV-654 TS forthwith.

SO ORDERED.

DATED   September 29, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge