IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TAE H. CHON,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT<br><br><br><br>Case No. 2:09-CV-654 TS |

This matter is before the Court on Petitioner's Motion to Alter or Amend Judgment Under Fed.R.Civ.P. 59(e). The Court finds Petitioner's Motion to be a "mixed" motion. For the reasons discussed below, the Court will deny Petitioner's Rule 59(e) Motion and finds that it is not in the interests of justice to transfer the remaining portion of Petitioner's motion to the Tenth Circuit Court of Appeals.

I. BACKGROUND

Petitioner was indicted on August 22, 2001, on three counts of distribution and possession of pseudoephedrine knowing, or having reasonable cause to believe, it would be used to manufacture methamphetamine in violation of 21 U.S.C. § 841(c)(2). Petitioner absconded

1

from pretrial supervision in January 2003, and remained a fugitive until October 2006, when he turned himself in to authorities.

A jury trial was held in July 2007. Petitioner was acquitted of two counts, but convicted of the third. On October 26, 2007, Petitioner was sentenced to 180 months imprisonment. Judgment was entered on October 29, 2007.

Petitioner filed a Notice of Appeal on November 8, 2007. On appeal, Petitioner alleged that the Court "violated his Sixth Amendment rights when it (1) abused its discretion by admitting the testimony of a government witness where a juror was familiar with the witness; and (2) did not disqualify a juror or at least inquire further into any possible bias on the part of that juror *sua sponte* once it became apparent that the juror knew the witness."[1] These issues arose out of the government's use of a previously undisclosed rebuttal witness who was known by one of the jurors.[2] The Tenth Circuit Court of Appeals rejected Petitioner's arguments and affirmed his conviction on September 2, 2008.

Petitioner timely filed his § 2255 Motion on July 23, 2009. Petitioner raised twenty separate grounds upon which he requested relief. On September 29, 2010, the Court denied Petitioner's § 2255 Motion, finding that many of Petitioner's claims were procedurally barred and that his ineffective assistance of counsel claim failed on the merits. Petitioner now brings the instant Motion seeking to alter or amend the judgment under Fed.R.Civ.P. 59(e).

---

[1] *United States v. Chon*, 291 Fed.Appx. 877, 878 (10th Cir. 2008).

[2] *Id*. at 879.

II.  DISCUSSION

The Tenth Circuit has provided the "steps to be followed by district courts in this circuit when they are presented with a Rule 60(b) motion in a habeas or § 2255 case."[3]  The Court must first determine whether the motion is a true Rule 60(b) motion or a second or successive petition.[4]  Rule 59(e) motions are subject to the same analysis.[5]

A Rule 59(e) "motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction."[6]  "Conversely, it is a 'true' [59(e)] motion if it either (1) challenged only a procedural ruling of the habeas court which precluded a merits determination of the habeas application, . . . or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition."[7]

The Tenth Circuit provides that "[i]f the district court concludes that the motion is a true Rule [59(e)] motion, it should rule on it as it would any other Rule [59(e)] motion.  If, however the district court concludes that the motion is actually a second or successive petition, it should refer the matter to [the Tenth Circuit] for authorization . . . ."[8]  "In the case of a 'mixed'

---

[3] *Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006).

[4] *Id*.

[5] *United States v. Pedraza*, 466 F.3d 932, 933 (10th Cir. 2006).

[6] *Spitznas*, 464 F.3d at 1215.

[7] *Id*. at 1215-16.

[8] *Id*. at 1217.

3

motion—that is, a motion containing both true Rule [59(e)] allegations and second or successive habeas claims—the district court should (1) address the merits of the Rule [59(e)] allegations as it would the allegations in any other Rule [59(e)] motion, and (2) forward the second or successive claims to this court for authorization."[9]

Having reviewed Petitioner's Motion, the Court finds that it is a mixed motion. The Motion largely reasserts the grounds set forth in his § 2255 Motion, which would constitute a second or successive petition.[10] However, Petitioner also challenges the Court's previously ruling that many of his claims were procedurally barred.[11]

As a mixed motion, the Court will first address the merits of the Motion under Rule 59(e). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."[12] "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."[13] "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised

---

[9]*Id*.

[10]*Id*. at 1215 (stating that a "60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction").

[11]*Id*. at 1216 (stating that "a motion asserting that the federal district court incorrectly dismissed a petition for . . . procedural bar . . . constitutes a true 60(b) motion").

[12]*Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[13]*Id*.

4

in prior briefing."[14] Petitioner's Motion does not meet the grounds warranting reconsideration. Therefore, those "true" Rule 59(e) portions of Petitioner's Motion will be denied.

The Court next considers those portions of Petitioner's Motion that constitute a second or successive petition. "Before a federal prisoner may file a second or successive motion under § 2255, the prisoner must first obtain an order from the appropriate court of appeals authorizing the district court to consider the motion."[15] "A district court does not have jurisdiction to address the merits of a second or successive § 2255 . . . claim until [the appropriate court of appeals] has granted the required authorization."[16] However, before transferring a second or successive motion under § 2255 to the appropriate court of appeals for authorization, the Court must consider whether it is in the interest of justice to do so.[17]

The Tenth Circuit has delineated factors a Court should consider in whether it is in the interest of justice to transfer a second or successive § 2255 motion. These factors include:

> whether the claims would be time barred if filed anew in the proper forum, whether the claims are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of the filing the court lacked the requisite jurisdiction.[18]

---

[14] *Id.*

[15] *In re Cline*, 531 F.3d 1249, 1250 (10th Cir. 2008).

[16] *Id.* at 1251.

[17] *See* 28 U.S.C. § 1631.

[18] *In re Cline*, 531 F.3d at 1251.

5

Considering these factors, the Court finds that it is not in the interest of justice to transfer Defendant's Motion and, as a result, the Court will dismiss the remaining portion of Petitioner's Motion for lack of jurisdiction.

First, Petitioner's claims would be barred if they were filed anew in the proper forum. The instant Motion falls outside the one year limitations period. Petitioner has not provided anything to suggest that the limitations period should be tolled.

Second, Petitioner's claims are not likely to have merit. Section 2255(h) requires a federal prisoner seeking authorization to file a second or successive petition to demonstrate that his proposed claims either depend on "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense"[19] or rely upon "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."[20] Petitioner's Motion does not meet these criteria.

Third, while there is no evidence of bad faith on the part of Petitioner, it was clear at the time of filing the Motion that it fell outside the limitations period. For these reasons, the Court finds that it is not in the interest of justice to transfer Petitioner's Motion.

---

[19] 28 U.S.C. § 2255(h)(a).

[20] *Id.* § 2255(h)(b).

## III.  CONCLUSION

It is therefore

ORDERED that Petitioner's Motion to Alter or Amend Judgment Under Fed.R.Civ.P. 59(e) (Docket No. 16) is DENIED and DISMISSED as set forth above.  It is further

ORDERED that Petitioner's Motion to Appoint Counsel (Docket No. 17) is DENIED.

DATED   December 10, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge